IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

JESSICA SAYMAN,

        Plaintiff,
   v.                                 Civil Action No.
                                      3:17-CV-0447 (DEP)

NANCY A. BERRYHILL, Acting Commissioner
 of Social Security,

        Defendant.

APPEARANCES:                           OF COUNSEL:

FOR PLAINTIFF:

GORTON LAW OFFICE             PETER A. GORTON, ESQ.
P.O. Box 89
Endicott, NY 13760

FOR DEFENDANT:

HON. GRANT C. JAQUITH          BENIL ABRAHAM, ESQ.
United States Attorney            Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

    Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the

Acting Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on January 16, 2018, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is GRANTED.

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

2) The Acting Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

David E. Peebles
U.S. Magistrate Judge

Dated:   January 17, 2018
         Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------x
JESSICA SAYMAN,

                              Plaintiff,

vs.                             3:17-CV-447

NANCY A. BERRYHILL,

                              Defendant.
----------------------------------------x
```

Transcript of a **Decision** held during a Digitally-Recorded Telephone Conference on January 16, 2018, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

| | |
|---|---|
| For Plaintiff: | LACHMAN, GORTON LAW FIRM<br>Attorneys at Law<br>P.O. Box 89<br>1500 East Main Street<br>Endicott, New York  13761-0089<br>  BY:  PETER A. GORTON, ESQ. |
| For Defendant: | SOCIAL SECURITY ADMINISTRATION<br>26 Federal Plaza<br>New York, New York  10019<br>  BY:  BENIL ABRAHAM, ESQ. |

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1         (In Chambers, Counsel present by telephone.)
2              THE COURT: All right. I'll have to let that be
3    the last word.
4              So I have before me a request for judicial review
5    of an adverse determination by the Acting Commissioner
6    pursuant to 42 United States Code Sections 405(g) and
7    1383(c)(3).
8              The background is as follows: The plaintiff was
9    born in June of 1982, she is currently 35 years of age. She
10   was 31 years at the alleged onset of her disability. She
11   lives, or did at the time of the hearing, in Johnson City in
12   an apartment with her boyfriend, a son, and a mother, that's
13   at 372. She has several children but that are living
14   elsewhere. Plaintiff dropped out of school after ninth grade
15   because she had a child. When she was in school, she was in
16   regular classes. She has secured a GED.
17             She last worked for Binghamton University for a few
18   months in 2013. She was a chef and salad attendant. She
19   quit because she found it difficult to be around people and
20   had problems dealing with stress. She's also worked as
21   housekeeper at a hotel from 2010 to 2013. She left that
22   position due to issues with her back. She has also worked in
23   positions as a cashier, an assembler, and as a deli
24   assistant. She is right-hand dominant. In January of 2016,
25   plaintiff claims she has no driver's license, that's at

page 78.  There is an indication that she was driving at least in April of 2014 when she drove to her evaluation, that's at 372, and stated she can drive at 374.  She walks, including 20 minutes to a therapist one time per week.  She takes a bus and her sister drives her.

Physically she has had back issues since September of 2011.  An MRI, magnetic resonance imaging, testing in August of 2012 showed a protrusion but no significant herniation or canal compromise.  She has been prescribed Flexeril for her back.  She underwent physical therapy between March and May of 2015 that by all accounts was a success in meeting her goals.  She has been treated by her primary physician Dr. Frank Eder, E-d-e-r.  She is a lifelong sufferer of asthma and in May of 2016 noted also a knee issue which has been described as patellofemoral pain syndrome.

Mentally, plaintiff has been variously diagnosed with conditions such as bipolar disorder, post-traumatic stress disorder or PTSD, borderline personality disorder, anxiety disorder, and affective disorder.  She testified that she has panic attacks, at page 77 during the hearing she said two times per month, at 570 in the record she said to a treatment provider five times per week.  She has been assigned a GAF of between 50 and 55.  She is on Seroquel and sees Dr. Surya Toraty one time per month and Licensed Clinical Social Worker Paul Komatinsky one time per week at

1  Family and Child Society.  She was hospitalized with suicidal
2  ideation in 1995.
3         Plaintiff smokes one half pack of cigarettes per
4  day.  Her daily activities include puzzles, speaking on the
5  phone, riding bikes.  She bowls, she swims, prepares simple
6  meals, does some laundry, some socialization, watches
7  television and radio, listens to radio.
8         The background is as follows:  She applied for
9  Title II and Title XVI benefits in February of 2014 alleging
10 an onset date of October 7, 2013.  A hearing was conducted by
11 Administrative Law Judge John P. Ramos on January 5, 2016.  A
12 supplemental hearing, including testimony from Dr. Vitolo and
13 vocational expert, was held in July of 2016.  ALJ Ramos
14 issued a decision on August 17, 2016, which was unfavorable
15 to the plaintiff, and that became a final determination of
16 the agency on February 24, 2017, when the appeals council
17 denied plaintiff's request for review of that decision.
18        In his decision, ALJ Ramos who I also, like
19 plaintiff's counsel, have a great deal of respect for,
20 applied the sequential well-known five-step test for
21 determining disability.
22        At step one he concluded plaintiff had not engaged
23 in substantial gainful activity since her alleged onset date.
24        At step two, ALJ Ramos concluded that plaintiff
25 suffers from severe conditions, including a back impairment,

1  asthma, affective disorder, anxiety disorder, and personality
2  disorder.
3        At step three, ALJ Ramos concluded that conditions
4  did not meet or medically equal any of the listed
5  presumptively disabling conditions set forth in the
6  Commissioner's regulations.  He specifically considered
7  Listings 1.04, 3.03, and 12.04.
8        He then surveyed the medical evidence in the record
9  and in what the defendant has characterized, I think
10 appropriately so, as a nuanced residual functional capacity
11 or RFC finding, concluded that plaintiff can perform light
12 work with significant limitations, both environmental and
13 mental, and I won't repeat them but it is found at page 26 of
14 the administrative transcript.
15       Applying that RFC determination, the ALJ concluded
16 that plaintiff had not engaged in substantial -- could not
17 engage in substantial gainful activity and noted that none of
18 the various jobs that were reported by the plaintiff amounted
19 to substantial gainful activity, so he went on to step five
20 and with the assistance of a vocational expert, after noting
21 that the Medical Vocational Guidelines or Grids would direct
22 a finding of no disability, that's Rule 202.20, relied on the
23 testimony of the vocational expert to carry the
24 Commissioner's burden at step five and found that there were
25 three representative positions of -- among others, that the

1    plaintiff could perform despite her limitations including as
2    a photocopying machine operator, a marker, and a folding
3    machine operator, and therefore concluded that the plaintiff
4    was not disabled at the relevant times.
5             As you know, my task is limited to determining
6    whether correct legal principles were applied and substantial
7    evidence supports the determination, substantial evidence
8    being such evidence as a rational, reasonable mind would find
9    supports the determination.  I wrestled with this case and I
10   reviewed very carefully and thoroughly the, both the
11   treatment notes and the reports, the various reports in the
12   record.
13            Mentally, I understand the argument about giving
14   Dr. Loomis great weight but ignoring the moderate limitations
15   in maintaining a regular schedule, and I'll come back to
16   that.  That was certainly troublesome, but the treatment
17   notes from Dr. Eder, Dr. Procopio, Dr. -- LCSW Komatinsky,
18   and Dr. Toraty do not support the greater limitations that
19   were alleged by the plaintiff mentally.  She scores between
20   50 and 60 as a GAF, she appears to be doing well on Seroquel.
21   The rejection of Dr. Toraty's opinions in my view was
22   properly explained by ALJ Ramos and he cites to treatment
23   records that are contrary to Dr. Toraty's opinions.
24            The physical RFC I think is well supported by the
25   record.  The determination includes the ability to perform

1  light work which involves, under the regulations, lifting no
2  more than 20 pounds at a time with frequent lifting or
3  carrying of objects weighing up to 10 pounds.  To be
4  considered capable of performing a full or wide range of
5  light work, you must have the ability to do substantially all
6  of these activities including a good deal of walking or
7  standing.  As I indicated, there's clear indication that
8  plaintiff is able to walk a fair -- fairly long distance.
9           The determination, I think the ALJ is entitled to
10 rely on what the record says and also what the record doesn't
11 say, as the Commissioner has argued.  I think that *Dirisio v.*
12 *Commissioner of Social Security*, 2016 WL 7378930 from the
13 Northern District of New York, December 20, 2016, indicates
14 that, supports that the Commissioner is entitled to rely on
15 what the record doesn't say as well as what the record says.
16          I think Dr. Figueroa's consultative report supports
17 the determination.  The only limitation that she notes is
18 mild limitation to reaching based on today's evaluation, and
19 as the Commissioner has noted, the objective findings of
20 Dr. Figueroa support a lack of additional limitations.  At
21 367, plaintiff appeared to be in no acute distress, gait
22 normal, can walk on heels and toes without difficulty, squat
23 full, stands normal, use no assistive devices, needed no help
24 changing for exam or getting on and off the exam table.  Able
25 to rise from the chair without difficulty.  Cervical spine

1   shows full flexion, extension, lateral flexion bilaterally
2   and full rotary movement, lumbar flexion 90 degrees,
3   extension 30 degrees, lateral flexion 30 degrees bilaterally,
4   rotary movement 30 degrees bilaterally, straight leg raise
5   test was negative bilaterally, shoulder elevation of
6   15 degrees bilaterally, adduction 150 degrees, bilaterally,
7   and on and on, grip strength, hand and finger dexterity
8   intact, grip strength five by five laterally.  So
9   Dr. Figueroa's report and, more importantly, the lack of any
10  additional limitation, appears to be supported by
11  Dr. Figueroa's findings.
12           The other evidence in the record also supports it.
13  Plaintiff states she can walk up to 30 minutes, that's at
14  469, 472, and 484.  She testified she walks to see the
15  therapist once a week for 20 minutes, 71 to 72.  Daily
16  activities, as I indicated, including sweeping, cleaning,
17  laundry, cooking, riding bicycle, swimming, bowling, that's
18  at 374.  Treatment notes, I looked at the physical therapy
19  treatment notes, she was found to be gaining strength in the
20  beginning of May, can ambulate without increased pain, that's
21  at 508, 90 percent better at -- by May 22nd and she indicated
22  her pain level, that's at 515, was between zero and 3 on a
23  scale of 10.  Dr. Steinberg and LPN Simpson and Dr. Procopio
24  also support that.  August 20, 2015, gait normal, the -- at
25  456, pain, doing well with chiropractor and physical therapy

1       and home exercises.
2                   The biggest issue obviously was zeroed in on by
3       plaintiff's counsel, the off task and absenteeism, and I went
4       through and compared the reports and there's no question
5       Dr. Toraty in December of 2015 stated, extremely limited in
6       ability to complete a normal workday and workweek without
7       interruptions, and would be off task more than 33 percent of
8       the day, absent three or more days per month.  Dr. Loomis in
9       April of 2014, plaintiff exhibited moderate impairment in her
10      ability to maintain a regular schedule.  Dr. Harding at page
11      94 indicated plaintiff is moderately limited in ability to
12      perform activities within a schedule, maintain regular
13      attendance and to be punctual and with customary tolerances.
14      At -- and at 684, Dr. Vitolo also opined that the plaintiff
15      would be moderately limited in the ability to perform
16      activities within a schedule, maintain regular attendance and
17      be punctual within customary tolerances.  However,
18      notwithstanding that, at page 383, Dr. Vitolo did state his
19      opinion that the claimant is capable of functioning
20      independently, appropriately and effectively in a substantial
21      gainful activity type setting, eight hours per day, five days
22      per week on a sustained basis, that's at 683.  Dr. Harding
23      also summarized at page 95 by saying claimant appears able to
24      perform work-related tasks, and above that, claimant's
25      allegations of severity is not supported by the medical

1   evidence in the record.
2           As I indicated, the ALJ Ramos did opine that the
3   plaintiff can regularly attend to a routine and maintain a
4   schedule at page 26.  He then explained why he rejected
5   Dr. Toraty and LCSW Komatinsky's opinions concerning off pace
6   and gave Dr. Vitolo great weight.
7           So my determination is that the ALJ's finding is
8   supported by substantial evidence.  There's evidence going
9   both ways, but -- and substantial evidence could also support
10  a contrary opinion but that's, that's the nature of the
11  deferential standard which I applied.  So I do find support
12  for the ALJ's determination and will therefore grant judgment
13  on the pleadings to the defendant.
14          As I indicated, it's a close case and I wrestled
15  with it and looked at it extremely carefully, and that's my
16  conclusion.  So thank you both for excellent presentations.
17          MR. GORTON:  Thank you, your Honor.
18          MR. ABRAHAM:  Thank you, your Honor.
19              (Proceedings Adjourned at 11:37 a.m.)
20
21
22
23
24
25

```
 1                    C E R T I F I C A T I O N
 2
 3
 4              I, JODI L. HIBBARD, RPR, CRR, CSR,
 5     Official Court Reporter in and for the United States
 6     District Court, Northern District of New York, DO
 7     HEREBY CERTIFY that I have listened to and
 8     transcribed the foregoing proceedings and that the
 9     foregoing is a true and correct transcript thereof
10     to the best of my ability.
11
12
13
14
15
16
17
18                            _____
19                            JODI L. HIBBARD, RPR, CRR, CSR
                              Official U.S. Court Reporter
20
21
22
23
24
25
```